FILED
2023 Nov-20  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CR-00319-MHH-GMB** |
| | ) | |
| **JERROD MAURY WHITE** | ) | |

## PLEA AGREEMENT

The Government and the defendant, **JERROD MAURY WHITE,** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the **Indictment** filed in the above-numbered and -captioned matter; (ii) consent to forfeiture as described in section XII below; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Counts Two and Three at the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII.**

Defendant's Initials _JW_

## **TERMS OF THE AGREEMENT**

**I.     MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for **Possession of Ammunition by Prohibited Person**, in violation of Title 18, United States Code, Section 922(g)(1), as charged in **COUNT ONE**, is:

**A.**     Imprisonment for not more than 15 years;

**B.**     A fine of not more than $250,00, or;

**C.**     Both A and B;

**D.**     Supervised release of not more than 3 years; and

**E.**     A special assessment of $100.

**II.    FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case: On February 27, 2023, officers with the Hueytown Police Department spotted a Mercedes SUV traveling west bound on Red Farmer Drive, and they could smell the odor of marijuana coming from the vehicle. Officers pulled into traffic behind the SUV and paced the vehicle traveling 55mph in a 45mph zone. Officers also observed the Mercedes make a lane change without using proper signals and run a red light when turning right. Officers initiated the lights and sirens in their patrol vehicle to stop the Mercedes, but the SUV continued to drive for some distance.

Once the Mercedes stopped, Sgts. Campbell and Hodges approached and confirmed the odor of marijuana. Other Hueytown officers arrived as back up. Sgt. Hodges detained the driver, later identified as S.P. While Sgt. Hodges was dealing with S.P., Sgt. Campbell watched the passenger, later identified as Jerrod Maury WHITE. Ofc. Easterwood and Lt. Shupe spotted a handgun in the vehicle between the driver's seat and center console and Easterwood took control over S.P., putting handcuffs on him and placing S.P. in Easterwood's patrol unit. Sgt. Hodges ordered WHITE out of the vehicle and was able to get a handcuff on WHITE's left wrist. WHITE refused to cooperate and would not give his right arm to be handcuffed. Instead, WHITE resisted and kept moving his right hand to his waistband. Sgt. Campbell saw a handgun in WHITE's right-side waistband and was able to grab the pistol before WHITE could get his hands on it.

WHITE continued to resist and in the struggle he and the other officers fell to the ground. Officers tased WHITE and eventually officers were able to handcuff both hands. Once cuffed, officers attempted to place WHITE in a patrol vehicle, but WHITE continued fighting and kicked one officer in the groin.

Once under control, Cpl. Murry searched WHITE and found a large magazine in WHITE's left short's pocket with 31 rounds of 9mm ammunition. The pistol previously retrieved from WHITE's waistband was determined to be a "ghost gun," meaning it had no serial numbers and was not manufactured by a company. The gun

Defendant's Initials _JW_

was loaded with 10 rounds in the magazine and one round chambered. The gun also appeared to have a "Glock switch" on it.

During the booking process, while going through WHITE's wallet, the original back plate to the gun fell out. Officers took photos of this back plate that came from WHITE's wallet.

On February 28, 2023, Lt. Shupe interviewed WHITE. Lt. Shupe read WHITE his rights under *Miranda*. WHITE waived those rights verbally and by signing a waiver form. Initially, WHITE denied having a gun and denied fighting with police officers. His denials continued until officers showed WHITE a still photo from one of the officer's body cameras showing the gun in WHITE's waistband. WHITE then admitted he possessed the gun but said it was not his. WHITE told Lt. Shupe the gun belonged to the driver, and WHITE simply put the gun in his waistband when they were getting pulled over. When asked about the extra magazine in his pocket, WHITE said he just stuck it in his pocket when he stuck the gun in his waistband. WHITE also admitted he was a felon, with a robbery conviction and served time.

When asked about the "Glock switch" device, WHITE denied knowing anything about it. WHITE denied ever shooting the gun and only admitted to possessing it for the few minutes of the traffic stop. Lt. Shupe confronted WHITE about the back plate piece that fell out of his (WHITE's) wallet. WHITE denied any

Defendant's Initials

knowledge of the back plate and offered no reason that it would have been in his wallet.

On May 25, 2023, ATF Special Agent Cardwell examined the ammunition found in the pistol and the extra magazine, a total of 42 rounds. All 42 rounds bore the same headstamp marking of "PMC" and "9mm Luger." SA Cardwell concluded that the ammunition is "ammunition" as defined in Title 18, United States Code, Chapter 44, Section 921(a)(17)(A), was manufactured in South Korea, and traveled in and/or affected interstate and/or foreign commerce.

ATF Special Agent Campbell examined the pistol recovered from WHITE's waistband and concluded it was a privately made firearm with no manufacturer's marks or serial numbers. It is a Glock-type firearm of unknown origin. The frame of the pistol was 3D printed and had some Glock-type components. SA Campbell concluded the pistol is a "firearm" as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3). There was no nexus done for the firearm as the origin is unknown.

During the examination, SA Campbell also discovered the firearm had a Machinegun Conversion Device, commonly referred to as a "Glock Switch," installed onto the rear of the slide. The device is designed and intended to convert a semiautomatic, Glock-type pistol into a machinegun. After examination, SA Campbell concluded that the conversion device did not work properly and would not

Defendant's Initials ꒐ꭎ

allow for automatic fire. SA Campbell found the device was incapable of converting the weapon into a machinegun, but still found the device to be a machinegun as defined in 26 U.S.C. § 5845(b) since inoperable or broken devices are repairable and fall under the definition.

WHITE is a convicted felon, having pleaded guilty to one count of Robbery, First Degree, in the Circuit Court of Jefferson County, Alabama, Bessemer Division, CC 2017-00439, on May 3, 2018. WHITE also pleaded guilty to one count of Theft, Third Degree, in the District Court of Shelby County, Alabama, DC 2017-3285, on February 7, 2019. WHITE knew of his felony status before he possessed the firearm. On May 3, 2018, and February 7, 2019, he signed plea agreements and sentencing order forms for his felony convictions.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_Jerrod White_
**JERROD MAURY WHITE**

## III.    RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

**A.** That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

**B.** That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent within the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

**C.** That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

**D.** That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

**E.** That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

**F.** That the defendant pay a special assessment of $100, said amount due and owing as of the date sentence is pronounced.

Defendant's Initials _JW_

## IV.     WAIVERS

### A.     STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, **JERROD MAURY WHITE**, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### B.     RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, **JERROD MAURY WHITE**, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is

Defendant's Initials  *JW*

or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1.   Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2.   Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3.   Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.  The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, JERROD MAURY WHITE, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_Jerrod White_
_____
JERROD MAURY WHITE

Defendant's Initials _JW_

## V.      UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.     AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation.  Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.    VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970),

Defendant's Initials

(c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.      OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.      COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control,

Defendant's Initials ⟋⟍⟍

directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.

Defendant's Initials

This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.   FORFEITURE

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offense(s) in COUNT ONE of the Indictment, including: **approximately 42 rounds of PMC 9mm ammunition and a Glock-type, 9mm caliber pistol, bearing no serial number, and any associated magazines.** For purposes of entering said order

Defendant's Initials ͟J͟W͟

of forfeiture, the defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture

Defendant's Initials

imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

## Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.   IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that

the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV.     DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of **18** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS**

Defendant's Initials

**BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

11/13/2023
DATE

_Jerrod White_
**JERROD MAURY WHITE**
Defendant

## XV.   COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

Defendant's Initials _JW_

13 NOV 2023
_____
DATE

_____
**JASON WOLLITZ**
Defendant's Counsel

XVI.    **GOVERNMENT'S ACKNOWLEDGMENT**

I have reviewed this matter and this plea agreement and concur that the plea

and disposition set forth herein are appropriate and are in the interests of justice.

Prim F. Escalona
United States Attorney

11/20/23
_____
DATE

_____
**WILLIAM R. MCCOMB**
Assistant United States Attorney

Defendant's Initials